### John Speiss v. Charles Stoeltze.

#### (No. 455.)

HEARSAY EVIDENCE.— It is a general and elementary principle in the law of evidence that the statements made by a party out of court, in his own favor, cannot be received on the trial to prove his case. And it is also true that the declarations of a deceased person not under oath cannot be used as evidence in behalf of those representing his estate to defeat a claim asserted against it. Such self-serving declarations come fully under the condemnation of the law as hearsay, and are not admissible as evidence.

APPEAL from Austin county. Opinion by WATTS, J.

OPINION.— The appellant instituted this suit against appellee the 10th day of March, 1874, in the district court of Austin county, to recover the amount due upon a note executed by Barbara Speiss to appellant, dated the 1st day of January, 1868, for the sum of $515.66, due and payable one day after date. The petition averred that Barbara Speiss, at the time of the execution of the note, was the surviving widow of Edward Speiss, deceased, a son of appellant, who also left two minor children by said Barbara. That subse-

quently to said 1st day of January, 1868, said Barbara intermarried with appellee, Charles Stoeltze; said Barbara died in 1872, leaving appellee, the two minor children by Edward Speiss, deceased, and two minor children by appellee, as her sole surviving heirs at law, and a considerable estate which had gone into the possession of appellee, as the guardian of the two Speiss children, and also community property of herself and appellee that had gone into his possession as surviving husband.

The appellee answered, in effect, that the note was given without any consideration; that the plaintiff went to Europe in 1860 and wrote back to his three children, then in Austin county, the said Edward Speiss and two others, to divide between them the property that he had left in Texas, claiming that it was a gift from appellant to his children, and that in accordance therewith the said children did divide the same among themselves, and that appellant returned to Austin county after the death of said Edward Speiss, and demanded and received from said Barbara the note sued on for that portion of said property that said Edward had received in said division, and therefore the same was given without any consideration whatever.

The case was tried by a jury on the 24th day of July, 1874, and resulted in a verdict and judgment in favor of appellee and against appellant, from which he appeals and assigns errors, only one of which, in our view of the case, is necessary to be noticed in the disposition thereof, and that is the following:

1. The court erred in overruling plaintiff's objections to the testimony of defendant, Charles Stoeltze, and permitting the same to go to the jury, as shown by the bill of exceptions, and for the reasons therein stated.

As disclosed by the record, the contest in the court below was as to the consideration for which the note sued on was given; appellant claimed that the note was given for money loaned by him to Barbara Stoeltze and money she had collected and used of his; appellee claimed that the same was

executed for that part of the property given by appellant to Edward Speiss. Upon this issue each party introduced evidence tending to establish the fact respectively asserted by them.

The appellee, as a witness for himself, testified that while he and said Barbara were living together as husband and wife, that he had frequently heard her speak of the said note, and that she declared that it was not a just claim, and that the consideration therefor was the property given to her deceased husband, Edward Speiss, by appellant in 1860. The appellant objected to the introduction of the same on the ground that it was hearsay. The objection was overruled by the court and the testimony was admitted. The point was saved by bill of exceptions, assigned as error and insisted on in appellant's brief.

It is a general and elementary principle in the law of evidence that the statements made by a party out of court, in his own favor, cannot be received on the trial to prove his case. Wharton's Law of Evidence, vol. 2, sec. 1100; Greenl. on Ev., vol. 1, sec. 149.

And it is also true that the declarations of a deceased person, not under oath, cannot be used as evidence in behalf of those representing his estate, to defeat a claim asserted against it. Such self-serving declarations come fully under the condemnation of the law as hearsay, and are not admissible as evidence. Greenl. on Ev., vol. 1, sec. 99.

The ruling of the court in admitting said evidence was erroneous. However, the appellee insists that the same did not influence the jury in making up their verdict, and, therefore, the error ought not to work a reversal of the judgment. We are not able to concur in this view of the case. The illegal evidence was addressed to the real issue between the parties, and on this, the turning point in the case, the testimony was conflicting, and did not greatly preponderate either way. Under such circumstances the declarations of the deceased lady, to the effect that the note was given for the property, admitted as legal evidence, thus

going to the jury stamped by the court as worthy of their consideration, so far as anything disclosed in the record to the contrary, might have influenced the jury in finding their verdict, and it might be remarked that, at least, it does not manifestly appear that such was not the case.

REVERSED AND REMANDED.